UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| CHRISTOPHER P. GEISERT, | )<br>) |
| Plaintiff, | ) Case No. 1:10-cv-120<br>) |
| v. | ) Honorable Robert Holmes Bell<br>) |
| BERNARD BROWN, | )<br>) **REPORT AND RECOMMENDATION** |
| Defendant. | )<br>) |

This is a civil action, purportedly brought within this court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff, an individual, alleges that he "was" a citizen of the State of Michigan at the time his claim arose, but does not identify his present domicile. Defendant is an individual alleged to reside in Dallas, Texas. The complaint alleges common-law claims of fraud, breach of fiduciary duty, breach of contract, and interference with contractual relations.

Both plaintiff and defendant are proceeding *pro se*. Consequently, none of the papers filed in the case is a model of clarity. Presently pending before the court is a motion by defendant to dismiss the complaint "for failure to plead properly," for failure to state a claim, and alternatively, for a more definite statement. Plaintiff has responded to the motion. District Judge Robert Holmes Bell has referred to me all dispositive pretrial motions for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72 of the Federal Rules of Civil Procedure.

Upon review of the *pro se* complaint, I note two major deficiencies, which may or may not be subject to correction. First, the complaint does not adequately allege the existence of complete diversity of citizenship. Plaintiff alleges only that he was a resident of the State of Michigan at some point in the past, but does not allege his present residence. It has been settled since the founding of the Republic that federal diversity of citizenship must be examined at the time the action is commenced by the filing of a complaint. *See, e.g., Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004); *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003); *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 564 (6th Cir. 2006). Plaintiff's residence in the State of Michigan at some time in the past is therefore irrelevant. It appears from other documents filed in the case that plaintiff may now reside in the Peoples Republic of China. Jurisdiction may therefore exist under 28 U.S.C. § 1332(a)(2). The existence of complete diversity must, however, be reflected in the complaint, not ancillary documents. As the pleadings now stand, plaintiff has failed to allege the basis for the court's jurisdiction, as required by Fed. R. Civ. P. 8(a)(1).

The other pleading deficiency may not be subject to cure. Plaintiff attempts to establish venue by invoking 28 U.S.C. § 102(b), alleging that this is the district where plaintiff resides and in which the claim arose. 28 U.S.C. § 102(b) has nothing to do with venue. Rather, it is the statute by which Congress has established the territorial jurisdiction of the Western District of Michigan. Venue in diversity cases is governed by 28 U.S.C. § 1391(a), which establishes venue in (1) a judicial district where any defendant resides or (2) in which a substantial part of the events or omissions giving rise to the claim occurred. If neither of those tests is available, then venue may lie in the judicial district where any defendant is subject to personal jurisdiction. The place of plaintiff's residence (or former residence) is immaterial for purposes of venue. Plaintiff's complaint

affirmatively alleges that defendant is a resident of the State of Texas (¶ 4), so venue is not appropriate under section 1391(a)(1) (the district where any defendant resides). The only other possibility is a district in which a substantial part of the events or omissions giving rise to the claim occurred under § 1391(a)(2). Plaintiff's narrative of the events giving rise to his claim, although not completely coherent, does not state or imply that substantial events giving rise to the common-law claims against defendant occurred in the Western District of Michigan. The closest that plaintiff comes to making a relevant allegation is to state in paragraph 11 of the complaint that defendant flew to Ada, Michigan, and visited plaintiff at his place of residence. This is patently insufficient, as plaintiff fails to connect defendant's presence in this state with any of the claims alleged in the complaint.

Plaintiff's present pleading is therefore insufficient to allege the existence of diversity jurisdiction and is insufficient to lay venue in the Western District of Michigan. Plaintiff has disclosed the existence of related litigation in the Northern District of Texas, the district of defendant's residence. The complaint alleges that on April 13, 2009, plaintiff filed a patent infringement action against defendant in the Northern District of Texas (¶ 38). The present case would appear to be substantially related to that civil action, and venue would clearly be proper under section 1391(a). On this basis, the present case should either be dismissed for lack of jurisdiction or, in the alternative, transferred to the Northern District of Texas pursuant to 28 U.S.C. § 1406(a), for possible consolidation with the patent infringement case.

**Recommended Disposition**

For the foregoing reasons, I recommend that this case be dismissed without prejudice for lack of jurisdiction or, if plaintiff is able to amend to allege the existence of diversity jurisdiction, that the case be transferred to the Northern District of Texas pursuant to 28 U.S.C. § 1406(a) for improper venue.


Dated:  April 21, 2010              /s/  Joseph G. Scoville
                                    United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).